IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT WEST, SAMARA WEST, LYDIA GREEN, TODD PALMER, TRACI PALMER, GLOYD GREEN, JAKE WEST, SAMUEL DALSASSO, CRAIG WEST, DHYANI SHAW, ASHELY WEST, JOHN ROBERT LESTER HAVERSTOCK, LILIANA ELIZABETH HAVERSTOCK, AUTOZINC.COM, <br><br> Plaintiffs, <br> v. <br><br> C.J. PRESTMAN COMPANY JASON OLSEN, CORY OLSEN, SHAUN OLSEN, DAVE WHITE, <br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [17] DEFENDANTS' MOTION TO DISMISS AND [19] PLAINTIFFS' MOTION TO AMEND** <br><br><br> Case No. 2:16-CV-00075-DN <br><br> District Judge David Nuffer |

This case concerns the surveillance practices of a car dealership in Utah. The plaintiffs are a group of former employees and their family members and customers of the dealership who allege they were subjected to undisclosed, invasive audio surveillance at the dealership. Plaintiffs' original complaint filed in Utah State court on November 27, 2015[1] was removed to this court on January 29, 2016.[2]

The Amended Complaint[3] filed by plaintiffs Robert West, Samara West, Lydia Green, Todd Palmer, Traci Palmer, Gloyd Green, Jake West, Samuel Dalsasso, Craig West, Dhyani

---

[1] *See* Original Complaint attached as Exhibit A to Notice of Removal, docket no. 2-1, filed Jan. 29, 2016. Additionally, Plaintiff Robert West has another lawsuit pending against Defendants in state court, which Defendants say relates to West's termination. Opposition to Plaintiff's Motion to File a Second Amended Complaint ("Opposition to Motion to Amend") at 2, docket no. 22, filed May 23, 2016. *See West v. Prestman Auto*, No. 130907860 (3d Dist. Ct. Salt Lake County, Utah filed Nov. 15, 2013).

[2] *Id.*

[3] Amended Complaint for Injunctive Relief and, [sic] Damages ("Amended Complaint"), docket no. 16, filed Mar. 27, 2016.

Shaw, Ashely West, John Robert Lester Haverstock, Liliana Elizabeth Haverstock, and Autozinc.com (collectively, "Plaintiffs") alleges:

1. violations of the Federal Wiretap Act and the Utah Interception of Communications Act;

2. intrusion upon seclusion;

3. violation of the Utah Payment of Wages Act, conversion, and wrongful termination in violation of public policy; and

4. violation of the Utah Consumer Sales Practices Act.

Defendants C.J. Prestman Company, Jason Olsen, Cory Olsen, Shaun Olsen, (collectively "Prestman Auto"), and Dave White (together with Prestman Auto, "Defendants") filed a Motion to Dismiss the Amended Complaint[4] (the "Motion to Dismiss"). Plaintiffs opposed[5] the Motion to Dismiss, arguing that they had alleged sufficient facts under Federal Rules of Civil Procedure 8 and 12.[6] Because Plaintiffs have alleged sufficient facts to state some but not all of their claims, and because some claims are without a legal basis, the Motion to Dismiss is GRANTED as to Counts III and IV, and DENIED as to Counts I and II.

Provoked by the Motion to Dismiss, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint ("Motion to Amend").[7] Defendants opposed[8] the Motion to Amend, arguing prejudice from "Plaintiffs' undue delay, bad faith, dilatory motive, and the overall futility of the amendments."[9] Defendants will not be prejudiced by a second amended complaint. However, the second amended complaint proposed by Plaintiffs does not cure all defects in

---

[4] Docket no. 17, filed Apr. 14, 2016.

[5] Response Memorandum in Opposition to Motion to Dismiss ("Opposition to Motion to Dismiss"), docket no. 18, filed May 4, 2016.

[6] *See* Fed. R. Civ. P. 8(a) and 12(b)(6).

[7] Docket no. 19, filed May 4, 2016.

[8] Opposition to Motion to Amend.

[9] *Id.* at 4.

2

Plaintiffs' claims and is in improper form. Plaintiffs' Motion to Amend is DENIED IN PART and GRANTED IN PART. Plaintiffs are permitted to file a second amended complaint consistent with this Order.

**Table of Contents**

MOTION TO DISMISS ........................................................................................................... 3
    Background ........................................................................................................................ 4
    Discussion .......................................................................................................................... 6
        Autozinc.com has failed to state a claim. ................................................................ 6
        Plaintiffs sufficiently pleaded facts for State and Federal wiretap claims. .............. 7
        Plaintiffs sufficiently pleaded a claim for intrusion upon seclusion ........................ 9
        Plaintiffs do not state claims for pay violations, conversion, and wrongful
            discharge. ..................................................................................................... 10
        Plaintiffs have not sufficiently pleaded a claim under the Utah Consumer Sales
            Practices Act ("UCSPA"). .......................................................................... 12
MOTION TO AMEND .......................................................................................................... 14
ORDER .................................................................................................................................... 15

## MOTION TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] Rule 12(b)(6) allows a court to dismiss a case for "failure to state a claim upon which relief can be granted" at any point.[11] To survive a motion to dismiss, a complaint must state "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] The facts as alleged will be accepted as true for the purposes of evaluating the sufficiency of the complaint. Legal conclusions in the complaint need not be accepted as true.[13] Whether a complaint states a

---

[10] Fed. R. Civ. P. 8(a).

[11] Fed. R. Civ. P. 12(b)(6).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

[13] *Id.*

plausible claim for relief is a "context-specific" question that requires a court to "draw on its judicial experience and common sense"[14] and determine if the pleading's content "allows the court to draw the reasonable inference that the defendant is liable."[15] The standard does not require "detailed factual allegations," though a "formulaic recitation of the elements of a cause of action will not do."[16] Under "the compromise enacted by Rule 8's notice pleading . . . [t]echnical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory."[17]

**Background**

**West Parties:** Plaintiff Robert West was an at-will employee of Prestman Auto from April 2012 to May 2012.[18] In June 2012, West entered a written employment contract with Prestman Auto effective through August 2013.[19] Plaintiffs Samara West, Craig West, Jake West, Samuel Dalsasso,[20] and Ashley West (the "West Family") are family members of Robert West.[21]

**Palmer Parties:** Plaintiff Todd Palmer was a salesman at Prestman Auto from at least April 2013 to June 2014.[22] Plaintiff Traci Palmer is Todd Palmer's wife.[23]

---

[14] *Id.* at 679.

[15] *Id.* at 678.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

[18] Amended Complaint ¶ 10.

[19] *Id.* ¶ 9.

[20] Plaintiff Samuel Dalsasso is only referenced in the Amended Complaint's caption and not in the body of the complaint. However, a Samuel West is referenced in the body of the Amended Complaint. Plaintiffs must ensure that the parties' names are consistent in the caption and text of their second amended complaint, including the proper spelling of "Ashely" or "Ashley" West.

[21] Amended Complaint ¶¶ 7, 22.

[22] *Id.* ¶¶ 1, 33.

[23] *Id.* ¶ 7.

4

**Other Parties:** Plaintiffs Lydia Green and Gloyd Green were Prestman Auto's customers.[24] The remaining Plaintiffs, Dhyani Shaw, Bob Haverstock, and Liliana Haverstock, are either family of Robert West or Todd Palmer or customers of Prestman Auto.[25]

Plaintiffs allege that Prestman Auto used a complex audio surveillance system to systematically and intentionally intercept and record Plaintiffs'[26] live oral conversations for 24 hours a day over the time period from April 2013 through September 2015 or later.[27] Plaintiffs assert Prestman Auto did not provide formal or adequate notice of the audio surveillance and that Plaintiffs did not have knowledge of, or consent to the audio surveillance during this period.[28] Plaintiffs allege Defendant Dave White joined in Prestman Auto's surveillance no later than August 2013[29] and that Defendants continued to record and monitor audio at Prestman Auto until September 2015.[30]

**Timeframe of Interceptions of West Conversations:** Robert West and Todd Palmer allege that thousands of their personal conversations were recorded by Prestman Auto.[31] The West Family had private conversations with Robert West which were surveilled between April and August of 2013,[32] when Robert West was fired.[33] Plaintiffs Dhyani Shaw, Bob Haverstock and Liliana Haverstock did not have any communications intercepted after August 2013.

---

[24] *Id.* ¶¶ 2–3.

[25] *Id.* ¶ 2.

[26] The Amended Complaint does not allege any causes of action on behalf of Plaintiff Autozinc.com, thus the term "Plaintiffs" will hereinafter refer to all Plaintiffs except Autozinc.com.

[27] Amended Complaint ¶¶ 1, 19–26.

[28] *Id.* ¶¶ 18, 36.

[29] *Id.* ¶ 3.

[30] *Id.* ¶ 37.

[31] *Id.* ¶ 2.

[32] *Id.* ¶¶ 1, 7.

[33] *Id.* ¶¶ 9, 56.

**Timeframe of Interceptions of Palmer Conversations:** The audio surveillance continued as to Todd Palmer and his wife, until Todd Palmer was fired from Prestman Auto in June 2014.[34] Todd Palmer alleges he was fired because he witnessed Defendants listening in on private conversations and warned them that it was illegal.[35]

In addition to surveilling Todd Palmer's conversations, Defendants allegedly withheld $700 from Todd Palmer's paycheck to pay for a customer's damaged bumper.[36]

**Green Allegations**: In the winter of 2013, Green went to Prestman Auto to purchase a car and had her private phone conversations with Robert West and her father, plaintiff Gloyd Green, intercepted by Defendants.[37] These private conversations revealed Green's bargaining and negotiation strategies, which allowed Defendants to gain an unfair bargaining advantage over Green.[38]

**Damage Allegations:** As a result of this secret audio surveillance, Plaintiffs contend they have been injured due to the "stress and anxiety of knowing their personal privacy was violated in such a continuous and wanton way."[39]

## Discussion

### *Autozinc.com has failed to state a claim.*

Plaintiff Autozinc.com is a dealership owned by Robert West.[40] The Amended Complaint asserts conclusively that Autozinc.com has been disadvantaged by Defendants' audio

---

[34] *Id.* ¶¶ 3, 33.

[35] *Id.* ¶¶ 39, 46.

[36] *Id.* ¶ 96.

[37] *Id.* ¶¶ 25, 104.

[38] *Id.* ¶¶ 105, 112.

[39] *Id.* ¶ 7.

[40] Opposition to Motion to Dismiss at 4.

surveillance.[41] No other allegations in the Amended Complaint pertain to Autozinc.com. Autozinc.com has not alleged any facts on which to base a claim against Defendants. Because Autozinc.com has not satisfied Rule 8's notice pleading requirement,[42] the Motion to Dismiss is GRANTED as to all claims asserted on behalf of plaintiff Autozinc.com, subject to more specific pleading in the second amended complaint.

*Plaintiffs sufficiently pleaded facts for State and Federal wiretap claims.*

The Omnibus Crime Control and Safe Streets Act of 1968 ("Federal Wiretap Act")[43] and the Utah Interception of Communications Act[44] (collectively "Wiretap Acts") prohibit any person, including corporations[45] from intercepting, using, or disclosing the contents of any oral communication[46] uttered by a person. The Wiretap Acts allow for a civil cause of action and have a two-year statutes of limitation barring suits brought more than two years "after the date upon which the claimant first has a reasonable opportunity to discover the violation."[47]

Oral communication is defined by the Wiretap Acts as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation[.]"[48] As recognized by the Tenth Circuit, the legislative history of the Federal Wiretap Act reveals that "Congress intended this definition to parallel the 'reasonable expectation of privacy test' articulated by the Supreme Court in *Katz v.*

---

[41] Amended Complaint ¶ 5.

[42] Fed. R. Civ. P. 8(a)(2).

[43] 18 U.S.C. § 2510–2522.

[44] Utah Code Ann. §§ 77-23a-1 et seq.

[45] 18 U.S.C. § 2510(6); Utah Code Ann. § 77-23a-3(15).

[46] 18 U.S.C. § 2511(1); Utah Code Ann. § 77-23a-4(1)(b).

[47] 18 U.S.C. § 2520; Utah Code Ann. § 77-23a-11.

[48] 18 U.S.C. § 2510(2); Utah Code Ann. § 77-23a-3(13) (internal punctuation omitted).

*United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)."[49] Thus, Plaintiffs are required to allege facts showing that (1) they had an actual, subjective expectation of privacy, and (2) that their expectation of privacy is one that society is willing to recognize as reasonable.[50]

As a threshold matter, Defendants argue[51] that Plaintiffs' claims are barred because they were brought more than two years after they had a reasonable opportunity to discover the audio surveillance in April 2013. Defendants argue that they installed a video surveillance system in April 2013 which Plaintiffs knew about, and thus reasonably should have known about the audio surveillance system.[52] If Plaintiffs knew about the audio surveillance in April 2013, such knowledge would have triggered the Wiretap Acts' two-year statutes of limitations, making Plaintiffs' claims untimely because the original complaint was filed on November 27, 2015.[53]

This argument requires inferences in the Defendants' favor, which is inappropriate on the motion to dismiss.[54] "A statute of limitations defense 'may be appropriately resolved on a [Rule] 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished.'"[55] Plaintiffs alleged in the Amended Complaint that they did not know about Defendants' audio surveillance capabilities.[56] This allegation, coupled with the allegation that

---

[49] *United States v. Longoria*, 177 F.3d 1179, 1181 (10th Cir. 1999).

[50] *Id.* at 1182.

[51] *See* Motion to Dismiss at 12.

[52] *See* Amended Complaint ¶ 16.

[53] *See* Notice of Removal, docket no. 2.

[54] *Iqbal*, 556 U.S. at 678.

[55] *Sierra Club v. Okla. Gas and Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal citation omitted).

[56] Amended Complaint ¶ 1.

the Plaintiffs filed their claims within two years of discovering the audio surveillance,[57] is enough to survive the motion to dismiss.

The Wiretap Acts require Plaintiffs to have had "an actual, subjective expectation of privacy . . . [that] society would objectively consider reasonable."[58] For purposes of this Motion to Dismiss, accepting Plaintiffs' allegation that they believed they had a legitimate expectation of privacy in their conversations as true,[59] the first element is satisfied. Whether society might consider this expectation to be reasonable is a question of fact that is better answered at the summary judgment stage or later.

Likewise, Defendants' argument that Plaintiffs impliedly consented to the audio surveillance is a fact question which cannot now be resolved. Plaintiffs have alleged consistently, if not plainly, that they did not know about the audio surveillance.[60] Arguments or evidence to the contrary are outside of the pleadings and may not be resolved on a Rule 12(b)(6) motion.

Therefore, because Plaintiffs have alleged a plausible claim for violations of the Wiretap Acts, Defendants' Motion to Dismiss is DENIED as to Count One.

***Plaintiffs sufficiently pleaded a claim for intrusion upon seclusion***

A claim for intrusion upon seclusion in Utah requires Plaintiffs to sufficiently plead two elements: (1) they have suffered "an intentional substantial intrusion" on their privacy, and (2) the intrusion would be "highly offensive" to a reasonable person.[61]

---

[57] *Id.* ¶ 81.

[58] *Longoria*, 177 F.3d at 1181–82.

[59] Amended Complaint ¶ 66.

[60] *Id.* ¶ 18.

[61] *Stien v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 379 (Utah Ct. App. 1997).

Utah courts have determined that electronic eavesdropping may support a claim of intrusion upon seclusion.[62] Plaintiffs allege an intrusion into their privacy through live audio surveillance.[63] The fact that the Wiretap Acts criminalize the interception, use and disclosure of oral communications without consent[64] lends credibility to the argument that wiretapping is offensive to the reasonable person. Additionally, taking the allegations in the Amended Complaint as true, Defendants intercepted Plaintiffs' conversations for various improper purposes and without Plaintiffs' consent.[65]

Plaintiffs' have sufficiently pleaded wiretap allegations at this stage to sustain a claim of intrusion upon seclusion. Defendants have not shown failure to state a claim under Rule 12(b)(6). Accordingly, Defendants' Motion to Dismiss is DENIED as to Count Two.

***Plaintiffs do not state claims for pay violations, conversion, and wrongful discharge.***

Todd Palmer alleges that Defendants withheld $700 from his paycheck in violation of the Utah Payment of Wages Act ("UPWA") and an act of conversion. Palmer also alleges he was wrongfully discharged in violation of public policy.

**UPWA:** The UPWA prohibits an employer from withholding or diverting any of an employee's wages.[66] However, Utah law does not provide a private right of action under the UPWA.[67] Though Palmer claims that withholding $700 was impermissible under the UPWA, he

---

[62] *Id.*

[63] Amended Complaint ¶ 1.

[64] 18 U.S.C. § 2511(4)(a); Utah Code Ann. § 77-23a-4(10)(a).

[65] *See, e.g.,* Amended Complaint ¶¶ 5, 13–15, 27, & 42.

[66] Utah Code Ann. § 34-28-3.

[67] *Burgess v. Glob. Clean Energy Holdings, Inc.*, No. 2:11-CV-682 TS, 2012 WL 1410266, at *3 (D. Utah Apr. 23, 2012) (citing *Sell v. Hertz Corp.*, 746 F. Supp.2d 1206, 1212 (D. Utah 2010)).

does not provide any allegations or arguments that would support a private action. Therefore, Todd Palmer's UPWA claim is DISMISSED.

**Conversion:** "A conversion is an act of willful interference with a chattel, done without lawful justification by which the person entitled thereto is deprived of its use and possession."[68] Money may only be considered a chattel under certain circumstances, such as when the party charged wrongfully received it or when funds are misappropriated for a definite application.[69]

Utah courts have not expressly addressed whether unpaid wages constitute a chattel for purposes of a conversion claim. However, in *In re Wal-Mart Wage & Hour Employee Practices Litigation*,[70] a federal district court determined that Utah would not recognize a conversion claim where a nationwide retailer allegedly failed to pay its hourly employees for all time worked. The court concluded that "Utah would not recognize a conversion claim in these circumstances because unpaid wages constitute money not subject to conversion under Utah law unless Defendants wrongfully received the money."[71]

Similarly, Todd Palmer has not alleged that he gave money to Defendants which Defendants then converted to their own use, or that Defendants wrongfully received the $700. The allegations of wrongful withholding in the Amended Complaint do not satisfy the elements of conversion because Palmer did not entrust the money to Defendants for a specific purpose, and Defendants are not using the money for their own, unauthorized purposes. The facts may support a claim for breach of contract, but not conversion. Todd Palmer's conversion claim is DISMISSED.

---

[68] *Allred v. Hinkley*, 328 P.2d 726, 728 (Utah 1958).

[69] *State v. Twitchell*, 832 P.2d 866, 870 (Utah Ct. App. 1992).

[70] 490 F. Supp. 2d 1091 (D. Nev. 2007).

[71] *Id.* at 1104.

**Wrongful discharge:** In order to assert liability for wrongful discharge in violation of public policy in Utah, a plaintiff must show "[1] that his employer terminated him; [2] that a clear and substantial public policy existed; [3] that the employee's conduct brought the policy into play; and [4] that the discharge and the conduct bringing the policy into play are causally connected."[72] A "clear" public policy is one that is "plainly defined by legislative enactments, constitutional standards, or judicial decisions [and] . . . is far narrower than what may typically be characterized as 'public policy.'"[73]

Todd Palmer claims he was terminated because he protested Defendants' audio surveillance and he "would not wink at their illegal behavior."[74] Yet, Plaintiffs do not argue that any public policy is implicated by Defendants' actions. The Amended Complaint does not state which public policy is alleged to have been violated. For these reasons, Todd Palmer's claim for wrongful discharge is DISMISSED.

In sum, Defendants' Motion to Dismiss as to all of Count III is GRANTED. Plaintiffs did not address the deficiencies in these three claims in their Opposition to the Motion to Dismiss or in their Motion to Amend, thus failing to overcome Defendants' argument that amendment would be futile. The claims in Count III must be excluded from Plaintiffs' second amended complaint.

### *Plaintiffs have not sufficiently pleaded a claim under the Utah Consumer Sales Practices Act ("UCSPA").*

Plaintiff Lydia Green alleges that Defendants "gained an unfair bargaining advantage" over her by eavesdropping on her private conversations, to learn her negotiation strategy, in

---

[72] *Ryan v. Dan's Food Stores, Inc*, 972 P.2d 395, 404 (Utah 1998).

[73] *Id.* at 405.

[74] Amended Complaint ¶¶ 90, 92.

violation of the UCSPA.[75] The UCSPA "protect[s] consumers from suppliers who commit . . . unconscionable sales practices."[76] Additionally, the "unconscionability of an act or practice is a question of law for the court."[77]

The Utah Supreme Court has not specifically determined whether the UCSPA governs claims against car dealerships for eavesdropping on conversations to determine customer negotiation strategies. However, the Court has ruled that UCSPA claims are barred when the "complained-of conduct [is] governed by other, more specific law."[78] In *Carlie v. Morgan*, the Utah Supreme Court determined that the Utah Fit Premises Act, a more specific statute, provided a remedy for the conduct plaintiffs complained about, and held that its "long-standing rule of statutory construction that '[s]pecific statutes control over more general ones, . . . [and the] plaintiffs may not resort to the UCSPA under the facts alleged."[79]

And after the Utah Supreme Court's decision in *Carlie*, courts have barred UCSPA claims when more specific statutes apply to the wrongful conduct.[80] The wrongful complained-of conduct in this case is that Defendants intentionally recorded Lydia Green's conversations without her knowledge.[81] This conduct falls squarely within the Wiretap Acts.[82] Thus, because

---

[75] Amended Complaint ¶ 105.

[76] Utah Code Ann. § 13-11-2(2).

[77] *Id.* at § 13-11-5(2).

[78] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1150 (10th Cir. 2013).

[79] 922 P.2d 1, 6 (Utah 1996) (first alteration in original) (citation omitted) (quoting *State v. Lowder*, 889 P.2d 412, 414 (Utah 1994)).

[80] *See, e.g.*, *Berneike*, 708 F.3d at 1150 (UCSPA claims barred where conduct was covered by the Mortgage Lending and Servicing Act); *Thomas v. Wells Fargo Bank, N.A.*, No. 2:13-cv-686-PMW, 2014 WL 657394, at *3 (D. Utah Feb. 20, 2014) (UCSPA claims barred where conduct was governed by the Fair Credit Reporting Act).

[81] Amended Complaint ¶¶ 103–107.

[82] *See* 18 U.S.C. § 2511(1); Utah Code Ann. § 77-23a-4(1)(b).

the more specific Wiretap Acts control over the more general UCSPA,[83] Plaintiff Green's claim for violation of the UCSPA is DISMISSED.

## MOTION TO AMEND

After amending once as a matter of course,[84] a party may only amend its complaint "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires."[85] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party . . . futility of amendment, etc.—the leave sought should, as the rules require, be freely given."[86] Further, "a district court typically may not look outside the four corners of the amended complaint [and] the plaintiff cannot be bound by allegations in the superseded complaint[s]."[87] Indeed, amended pleadings supersede the original pleadings, even when the original pleadings contained "any confession . . . on which the district court could rely[.]"[88] "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[89]

Defendants argue prejudice[90] due to time spent on an earlier motion to dismiss[91] and the motion to dismiss resolved in this Order. Yet, Defendants also correctly point out that the

---

[83] *Carlie*, 922 P.2d at 6.

[84] *See* Amended Complaint. The Caption of Plaintiff's Pleadings incorrectly refer to the "Tenth Circuit, Salt Lake Department."

[85] Fed. R. Civ. P. 15(a)(2).

[86] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[87] *W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 173 (3rd Cir. 2013).

[88] *Kelley v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998); *see also Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 612 (10th Cir. 1988) (allowing an amended complaint that changed the date alleged to fall within the limitations period).

[89] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quotation marks omitted).

[90] Opposition to Motion to Amend at 8.

[91] Defendants' Motion to Dismiss the Amended Complaint, docket no. 12, filed April 4, 2016.

Proposed Second Amended Complaint contains the same four causes of action found in the previous complaint, [92] which would not raise substantial new issues or claims that would unfairly prejudice the Defendants' defense. The Proposed Second Amended Complaint does not include significant new facts or any new claims that would prejudice the Defendants in preparing their defense.

To the extent that Plaintiffs seek to add new claims in a second amended complaint, the Motion to Amend is DENIED. Nevertheless, leave is GRANTED for Plaintiffs to file a second amended complaint substantially similar in content to the Proposed Second Amended Complaint, but complying with this Order and in proper form. The filed second amended complaint must

- have a proper caption;
- remove typographical errors;
- state facts clearly;
- not have separate sections of facts;
- not have duplicate statements of claims;
- not include any claims dismissed with prejudice by this Order; and
- not contain any new claims other than a claim for breach of Palmer's employment contract by withholding the $700.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[93] is GRANTED IN PART and DENIED IN PART.

- Any claims by Plaintiff Autozinc.com are DISMISSED without prejudice.

---

[92] Submitted with Motion to Amend, docket no. 7-38.

[93] Docket no. 17.

- Plaintiffs' claims for violation of the Federal and Utah Wiretap Acts are NOT DISMISSED.

- Plaintiffs' claims for intrusion upon seclusion are NOT DISMISSED.

- Plaintiff Todd Palmer's claims for violation of the Utah Payment of Wages Act, conversion, and wrongful termination in violation of public policy are DISMISSED with prejudice.

- Plaintiff Green's claim for violation of the Utah Consumer Sales Practices Act is DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Amend[94] is DENIED IN PART and GRANTED IN PART. Plaintiffs may file a second amended complaint within 28 days consistent with this order. Failure to timely file such a complaint will result in dismissal of this action.

Dated October 13, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[94] Docket no. 19.